**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DION DURRELL HAYES,<br><br>              Petitioner-Appellant,<br><br>v.<br><br>W. L. MONTGOMERY, Acting Warden,<br><br>              Respondent-Appellee. | No.    15-55420<br><br>D.C. No.<br>2:14-cv-04930-DOC-JCG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 8, 2017[**]
Pasadena, California

Before:  THOMAS, Chief Judge, and KLEINFELD and NGUYEN, Circuit Judges.

Petitioner Dion Hayes appeals the denial of his petition for writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, by the United States District Court for the

Central District of California.  Hayes was convicted in California state court for

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

murder and attempted murder.  On appeal, Hayes contended that the admission at trial of testimony from a pretrial hearing violated his rights under the Confrontation Clause.  The California Court of Appeal reversed the attempted murder convictions but held the admittance of the testimony to be harmless with respect to Hayes's murder conviction.  After exhausting his state remedies, Hayes filed a habeas petition with the Central District of California pursuant to 28 U.S.C. § 2254.  The district court denied his petition.  Our court granted a certificate of appealability to determine whether Hayes was prejudiced by the admission of the testimony for his murder charge.

Under 28 U.S.C. § 2254(d), a federal court can only reverse a state-court merits adjudication if the decision: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The federal court must deny the petition if "fairminded jurists could disagree" whether the state court's decision was reasonable, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Harringon v. Richter, 562 U.S. 86, 102 (2011).  The standard for "whether habeas relief must be

granted because of constitutional error of the trial type" is harmless error. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 638 (1993). An error is harmless if it did not have a substantial and injurious effect or influence in determining the jury's verdict. <u>Id.</u> at 637.

To determine if a Confrontation Clause violation is harmless, a court's inquiry should include the following five factors: "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 684 (1986).

The California Court of Appeal's decision is not an unreasonable application of these five factors. The witness who gave the pretrial testimony did not witness the murder. Instead, another witness offered the crucial testimony of who murdered Williams. Furthermore, the defense was allowed to cross-examine the witness in the pretrial hearing. Finally, multiple witnesses stated that Hayes got into an argument at the party before the shooting and vowed to return. In weighing these factors, fairminded jurists could find that the California Court of Appeal was correct in finding the error harmless. <u>See</u> <u>Harrington</u>, 562 U.S. at 102 (holding that

if "fairminded jurists could disagree" about a state court's holding then it is not unreasonable under § 2254(d)). Accordingly, when considering the record as a whole, the California Court of Appeal cannot be said to have reached a holding that "involved an unreasonable application of, clearly established federal law" when it found the error harmless. 28 U.S.C. § 2254(d)(1).

Hayes points to an inconsistency in jury verdicts in attempt to show that the jury relied on the pretrial testimony. The California Court of Appeal rejected this argument because a jury acquittal may be due to lenity or another reason as opposed to a finding of fact. This application of federal law was reasonable. See, e.g., United States v. Watts, 519 U.S. 148, 155 (1997) ("An acquittal is not a finding of any fact" (internal quotations omitted)); United States v. Powell, 469 U.S. 57, 66 (1984) (noting a jury inconsistency "may be the result of lenity").

Because the California Court of Appeal was not unreasonable in concluding that the admission of the pretrial testimony was harmless error, the district court did not err in denying Hayes's petition.

**AFFIRMED**.